Dan Stormer, Esq. [S.B. #101967]
Mary Tanagho Ross, Esq. [S.B. #280657]
HADSELL STORMER & RENICK LLP
128 N. Fair Oaks Avenue
Pasadena, California  91103
Telephone:  (626) 585-9600
Facsimile:  (626) 577-7079
Emails:  dstormer@hadsellstormer.com
          mross@hadsellstormer.com


Agnieszka Fryszman
*Admitted pro hac vice*
Alysson Ford Ouoba
*Admitted pro hac vice*
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., N.W.
East Tower, Suite 500
Washington, District of Columbia  20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699
Emails:  afryszman@cohenmilstein.com
          aouoba@cohenmilstein.com

Attorneys for Plaintiffs

[Additional Counsel Continued on Next Page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Keo Ratha, Sem Kosal, Sophea Bun, Yem Ban, Nol Nakry, Phan Sophea, and Sok Sang,<br><br>          Plaintiffs,<br><br>          v.<br><br>Phatthana Seafood Co., Ltd.; S.S. Frozen Food Co., Ltd.; Doe Corporations 1-5; Rubicon Resources, LLC; and Wales & Co. Universe Ltd.,<br><br>          Defendants. | Case No. 2:16-cv-04271-JFW (ASx)<br><br>PROTECTIVE ORDER<br><br><br>Complaint Filed:  June 15, 2016<br>Disc. Cut-Off:     September 1, 2017<br>Motion Cut-Off:  September 18, 2017<br>Trial Date:         November 28, 2017 |

1    [Additional Counsel Cont. from previous page]

2

3    Anthony DiCaprio
     *Admitted pro hac vice*
     Attorney at Law
4    64 Purchase Street
     Rye, New York  10580
5    Telephone:  (917) 439-5166

6

7    Paul L. Hoffman [S.B. #71244]
     Catherine E. Sweetser [S.B. #271142]
     SCHONBRUN SEPLOW
8      HARRIS & HOFFMAN LLP
     723 Ocean Front Walk
9    Venice, California  90291
     Telephone:  (310) 396-0731
10   Facsimile:  (310) 399-7040
     Email:  hoffpaul@aol.com
11            catherine.sdshhh@gmail.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    <u>PURPOSE AND LIMITS OF THIS ORDER</u>

Discovery in this action is likely to involve confidential, proprietary, or private information, including information that third parties and/or non-parties may contend is confidential which should be given special protection from public disclosure and from use for any purpose other than this litigation.  Thus, the Court enters this Protective Order ("Order").  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.  This Order does not govern the use at trial of material designated under this Order.

## II.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve sensitive personal and business information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of, among other things, trade secrets, confidential financial and bank account information, customer and pricing lists, personnel records, and other information otherwise generally unavailable to the public, such as personal identifying and health information, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public

manner, and there is good cause why it should not be part of the public record of this case.

## III.   DESIGNATING PROTECTED MATERIAL

**A.     Over-Designation Prohibited.**  Any party or non-party who designates information or items for protection under this Order must only designate specific material that qualifies under the appropriate standard.  Designation of material as CONFIDENTIAL under this Order is allowed only if the material being designated contains: (a) trade secrets; (b) personal identifying or health information, such as medical records, passport numbers, social security numbers, contact information, personal photographs or similar information; (c) financial or bank information, including but not limited to bank account numbers, bank statements or similar materials; (d) names and contact information of witnesses; or (e) highly confidential, non-public, personal or proprietary business information, including without limitation, customer and/or pricing information, the disclosure of which would be especially detrimental or harmful to the producing party if disclosed beyond the limited class of permitted recipients delineated herein.  To the extent practicable, only those parts of documents, items, or oral or written communications that legitimately require protection shall be designated as CONFIDENTIAL. Mass, indiscriminate, or routinized designations are prohibited and expose the designator to the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause harm.  If a designator learns that information or items that it designated for protection do not qualify for protection, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

Matter introduced at trial in this matter shall not remain confidential absent an additional order of the Court.

**B.     Manner and Timing of Designations**.  Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL") to each page that contains protected material.  For testimony given in deposition or other proceeding, the designator may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

1.     A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced.  During the inspection and before the designation, all material shall be treated as CONFIDENTIAL.  After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

2.     Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated.  Each identified page containing designated material shall be marked "CONFIDENTIAL."  The designator shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**C.    Inadvertent Failures to Designate**.  An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## IV.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations under this Order shall proceed under L.R. 37-1 through L.R. 37-4.  The designating party asserting confidentiality shall have the burden of proof as to same.

## V.    ACCESS TO DESIGNATED MATERIAL

A.    **Basic Principles**.  A receiving party may use designated material that is disclosed or produced by a party in connection with this action only for prosecuting, defending, or attempting to settle this Action.  For example, in order to determine whether an employee has information relevant to this Action, a party may disclose designated material to an employee who may have witnessed the events alleged in the Complaint or who may have accounting or other business records from the relevant time period.  Likewise, a party may disclose designated material to an officer responsible for litigation so as to determine the corporate risk from such litigation and whether to settle this Action.  However, information may not be disclosed to an officer, director, or employee to determine whether to hire prospective employees, nor shared by such officers, directors, or employees with other corporations, recruiters, governmental entities, or other third parties.

Designated material may be disclosed only to the categories of persons and under the conditions described in this Order. When this Action has been terminated (including any and all appeals), a receiving party must comply with the provisions of section XI below (Final Disposition).

Designated material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. **Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

1. The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

2. The officers, directors, and employees of the Defendants to whom disclosure is reasonably necessary for this Action and who have signed the Agreement to be Bound (Exhibit A);

3. The Plaintiffs, if disclosure is reasonably necessary for this Action and who have signed the Agreement to be Bound (Exhibit A);

4. Experts, investigators, translators, or interpreters retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary for this Action, and who have signed the Agreement to Be Bound (Exhibit A);

5. The Court and its personnel;

6. Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

7. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

8. The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information;

9.     Witnesses or potential witnesses in the action to whom disclosure is reasonably necessary in order to conduct discovery, provided that counsel has a good faith and reasonable basis to believe that examination with respect to the information or document is necessary for legitimate discovery or hearing purposes, and provided that the witness or potential witness has signed the Agreement to Be Bound (Exhibit A).

C.     **Party's Use of Its Own Confidential Information.**  The provisions in this section do not govern the manner in which a disclosing party uses its own confidential information.  For example, the provisions do not apply to Plaintiffs' Counsel's conversations with their clients regarding their own Confidential Information or to Defendants' Counsel's conversations with Defendants' officers or employees regarding their Confidential Information.

## VI.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN  OTHER LITIGATION

A.     **Subpoenas and Court Orders**.  This Order in no way excuses non-compliance.  Instead, this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

B.     **Notification Requirement**.  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that party must:

1.     Promptly notify the designator in writing.  Such notification shall include a copy of the subpoena or court order;

2.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the

material covered by the subpoena or order is subject to this

Order.  Such notification shall include a copy of this Order; and

3.      Cooperate with all reasonable procedures sought by the

designator whose material may be affected.

C.      **Wait For Resolution of Protective Order**.  If the designator timely

seeks a protective order, the party served with the subpoena or court

order shall not produce any information designated in this action as

CONFIDENTIAL before a determination by the court where the

subpoena or order issued, unless the party has obtained the designator's

permission.  The designator shall bear the burden and expense of

seeking protection of its confidential material in that court.

## VII.   UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material, it shall (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## VIII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

## IX.   FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material.  A party seeking to file under seal any designated material must comply with L.R. 79-5 and this Court's Standing Order.

If any party or third party fails to file confidential material under seal, the disclosing party may request in writing to the Court that the Court place the filing under seal and it shall be immediately sealed and any electronic versions will be removed until an appropriately redacted version is submitted.

Neither the provisions of this Protective Order, nor the filing of any confidential material under seal, shall prevent the use in open court, at any hearing or at trial, of any confidential material that is subject to this Protective Order or filed under seal pursuant to the terms of this Protective Order.

## X.   PRIVILEGE LOGS

In order to reduce unnecessary burden, the parties have agreed that both Plaintiffs and Defendants may forgo logging attorney-client communications between a party and its undersigned outside counsel and work product material created by undersigned counsel in anticipation of or in preparation for trial in this matter.  Undersigned counsel includes counsel's paralegals, staff, translators, and retained investigators.  This exemption does not cover communications or documents related to internal investigations, audits, reviews, or responses to complaints, inquiries, or disputes relevant to the subject matter of this litigation.

## XI.   FINAL DISPOSITION

Within 120 days after the final disposition of this action (including any appeal), each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material.  The receiving party must submit a written certification to the designator by the 120-day deadline that

(1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material.  This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, court hearing and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material.  Any such archival copies remain subject to this Order, excepting matter publicly introduced at hearing or trial herein.

     IT IS SO ORDERED.

     DATED:  November 22, 2016

/ s /
_____
Honorable Alka Sagar
United States Magistrate Judge

1

EXHIBIT A

2

AGREEMENT TO BE BOUND

3        I, _____,  declare, under penalty of perjury that I have

4   read in its entirety and understand the Protective Order that was issued by the United

5   States District Court for the Central District of California on _____, 20__,

6   in the case of *Ratha, etc., et al. v. Phatthana Seafood Co., Ltd., etc., et al.*, Case No.

7   2:16-cv-4271-JFW(ASx).  I agree to comply with and to be bound by all the terms

8   of the Protective Order, and I understand and acknowledge that failure to so comply

9   could expose me to sanctions and punishment for contempt.  I solemnly promise that

10   I will not disclose in any manner any information or item that is subject to this

11   Protective Order to any person or entity except in strict compliance with this

12   Protective Order, and I agree to the below provisions.  Terms used in this

13   Agreement have the same meanings given them in the Protective Order.

14        I further agree to submit to the jurisdiction of the United States District Court

15   for the Central District of California for the purpose of enforcing this Order, even if

16   such enforcement proceedings occur after termination of this action.

17

18        Date: _____

19        City and State where sworn and signed _____

20        Printed name: _____

21        Signature: _____

22

23

24

25

26

27

28

1 | Dated: November 22, 2016

2 |   COHEN MILSTEIN SELLERS & TOLL PLLC

3 |

4 |   By _____/s/ Agnieszka M. Fryszman_____

5 |   AGNIESZKA M. FRYSZMAN

6 |   Attorneys for Keo Ratha, Sem Kosal, Sophea

7 |   Bun, Yem Ban, Nol Nakry, Phan Sophea, and

8 | Dated: November 22, 2016   Sok Sang

9 |   SHEPPARD, MULLIN, RICHTER & HAMPTON

10 |   LLP

11 |

12 |   By _____/s/ Charles L. Kriendler_____

13 |   CHARLES L. KREINDLER

14 |   Attorneys for Phatthana Seafood Co., Ltd.; S.S.

15 |   Frozen Food Co., Ltd.; Doe Corporation 1-5;

16 |   Rubicon Resources, LLC; and Wales & Co.

    Universe Ltd.

SIGNATURE ATTESTATION

As the attorney e-filing this document, I hereby attest that Defendants'
counsel, Sheppard, Mullin, Richter & Hampton LLP, has concurred in this filing.

Dated:  November 22, 2016    COHEN MILSTEIN SELLERS & TOLL PLLC

By            /s/ Agnieszka M. Fryszman

AGNIESZKA M. FRYSZMAN

Attorneys for Keo Ratha, Sem Kosal, Sophea
Bun, Yem Ban, Nol Nakry, Phan Sophea, and
Sok Sang