SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BRYAN D. DALY, Cal. Bar No. 117901
bdaly@sheppardmullin.com
CHARLES L. KREINDLER, Cal. Bar No. 119933
ckreindler@sheppardmullin.com
BARBARA E. TAYLOR, Cal. Bar No. 166374
btaylor@sheppardmullin.com
MELISSA K. EAVES, Cal. Bar No. 123021
meaves@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendants Phatthana
Seafood Co., Ltd.; S.S. Frozen Food Co.,
Ltd.; Rubicon Resources, LLC; and Wales
& Co. Universe Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Keo Ratha, Sem Kosal, Sophea Bun, Yem Ban, Nol Nakry, Phan Sophea, and Sok Sang,<br><br>    Plaintiffs,<br>v.<br>Phatthana Seafood Co., Ltd.; S.S. Frozen Food Co., Ltd.; Doe Corporations 1-5; Rubicon Resources, LLC; and Wales & Co. Universe Ltd.,<br>    Defendants. | Case No. 2:16-cv-04271-JFW (ASx)<br>Judge: Hon. John F. Walter<br>Magistrate Judge: Hon. Alka Sagar<br><br>**STIPULATED [~~PROPOSED~~]**<br>**SPECIAL PROTECTIVE ORDER**<br><br>Complaint filed: June 15, 2016<br>Fact Disc. Cut-Off: November 20, 2017<br>Expert Disc.Cut-Off: December 8, 2017<br>Motion Cut-Off: December 18, 2017<br>Trial Date: January 16, 2018 |

## I. PURPOSE AND LIMITS OF THIS ORDER

Defendants have subpoenaed non-party Human Rights Watch ("HRW") to request, *inter alia*, information regarding Defendants and Plaintiffs. The Complaint alleges Defendants have committed "human trafficking, forced labor, involuntary servitude, and peonage." *See generally*, Dkt. 1. HRW is concerned that the subpoenaed materials identify individuals and organizations involved in investigation and publication of Defendants' alleged activities, and that identification of those individuals and their activities involving HRW may implicate their safety. To alleviate such concerns, this Order allows HRW to designate certain materials ATTORNEYS' EYES ONLY-meaning outside counsel shall have access to those materials, but not the Defendants.

## II. GOOD CAUSE STATEMENT

This action is likely to involve sensitive information, for which disclosure limited to the use of counsel for solely the litigation of this action is warranted. Such ATTORNEYS' EYES ONLY materials and information consist of, among other things, information regarding the identity of persons and organizations involved in investigation and publication of labor rights abuses in Burma, Thailand, and Cambodia, who provided information directly or indirectly to Human Rights Watch. Accordingly, to protect the safety of such individuals and organizations, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a special protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as ATTORNEYS' EYES ONLY for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is

good cause why it should not be disclosed to the parties and not part of the public record of this case.

## III. DESIGNATING PROTECTED MATERIAL

### A. Over-Designation Prohibited.

Any party or non-party who designates information or items for protection under this Order must only designate specific material that qualifies under the appropriate standard. Designation of material as ATTORNEYS' EYES ONLY under this Order is allowed only if the material being designated identifies individuals or organizations acting or located in Burma, Cambodia, or Thailand who are involved directly or indirectly in the investigation of or HRW's publication of Defendants' alleged activities. To the extent practicable, only those parts of documents, items, or oral or written communications that may reveal such individuals or organizations shall be designated as ATTORNEYS' EYES ONLY. Mass, indiscriminate, or routinized designations are prohibited and expose the designator to the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, HRW believes could cause harm. If a designator learns that information or items that it designated for protection do not qualify for protection, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

### B. Manner and Timing of Designations.

Designation under this Order requires the designator to affix the applicable legend ("ATTORNEYS' EYES ONLY") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator may make that designation during the deposition or proceeding , or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

1. A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as ATTORNEYS ' EYES ONLY. After the inspecting party has identified the documents it wants copied and produced , the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

2. Parties shall give advance notice to the designator if they expect a deposition or other proceeding to include designated material so that the other parties and designators can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated. Each identified page containing designated material shall be marked "ATTORNEYS' EYES ONLY." The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated ATTORNEYS' EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**C. Inadvertent Failures to Designate.**

An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## IV. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to designations under this Order shall be resolved pursuant to Judge Sagar's Informal Discovery Dispute Resolution procedure. The designating party asserting confidentiality shall have the burden of proof as to same.

## V. ACCESS TO DESIGNATED MATERIAL

### A. Basic Principles.

A receiving party's counsel may use material designated ATTORNEYS' EYES ONLY that is disclosed or produced by a party or nonparty in connection with this action only for prosecuting, defending, or attempting to settle this Action. For example, Defendants' counsel may use such material for cross examination or impeachment. However, such material may not be disclosed to Defendants.

Designated material may be disclosed only to the categories of persons and under the conditions described in this Order. When this Action has been terminated (including any and all appeals), a receiving party must comply with the provisions of section X below (Final Disposition).

Designated material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B. Disclosure of CONFIDENTIAL Material Without Further Approval.

Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving attorney may disclose material designated ATTORNEYS' EYES ONLY only to:

1. Outside counsel of record in this action, and employees of outside counsel of record to whom disclosure is reasonably necessary;

2. The Plaintiffs, if disclosure is reasonably necessary for this Action and who have signed the Agreement to be Bound (Exhibit A);

3.  Experts, investigators, translators, or interpreters retained by the outside counsel of record to whom disclosure is reasonably necessary for this Action, and who have signed the Agreement to Be Bound (Exhibit A);

4.  The Court and its personnel;

5.  Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

6.  The designating party and its employees; and

7.  The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

If a non-designating party wishes to show designated material to an employee of that non-designating party, where that employee is not otherwise authorized to view the designated material by this Special Protective Order, the non-designating party may meet and confer with the designator regarding appropriate usage of the designated material.

**C.  Party's Use of Its Own Confidential Information.**

The provisions in this section do not govern the manner in which a disclosing party or nonparty uses its own confidential information. For example, the provisions do not apply to Human Rights Watch regarding their own ATTORNEYS' EYES ONLY information.

**VI.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**A.  Subpoenas and Court Orders.**

This Order in no way excuses non-compliance. Instead, this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**B. Notification Requirement.**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as ATTORNEYS' EYES ONLY, that party must:

1. Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

3. Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**C. Wait For Resolution of Protective Order.**

If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as ATTORNEYS' EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its ATTORNEYS' EYES ONLY material in that court.

**VII. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material, it shall (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable 26 efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

SMRH:484152732.1

6

Case No. 2:16-cv-04271-JFW (ASx)
STIPULATED (PROPOSED) SPECIAL PROTECTIVE ORDER

## VIII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

## IX. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5 and this Court's Standing Order.

If any party or third party fails to file confidential material under seal, the disclosing party may request in writing to the Court that the Court place the filing under seal and it shall be immediately sealed and any electronic versions will be removed until an appropriately redacted version is submitted.

A party who wishes to use designated material at trial may meet and confer with the designator regarding appropriate usage.

## X. FINAL DISPOSITION

Within 120 days after the final disposition of this action (including any appeal), each party 19 shall return all designated material to the designator or destroy such material , including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 120-day deadline that ( 1) identifies (by category, where appropriate) all the designated material that

| 1 | was returned or destroyed, and (2) affirms that the receiving party has not retained |
| 2 | any copies, abstracts, compilations, summaries, or any other format reproducing or |
| 3 | capturing any of the designated material.  This provision shall not prevent counsel |
| 4 | from retaining an archival copy of all pleadings, motion papers, trial , deposition , |
| 5 | and hearing transcripts, legal memoranda, correspondence, deposition, court hearing |
| 6 | and trial exhibits, expert reports, attorney work product, and consultant and expert |
| 7 | work product, even if such materials contain designated material.  Any such archival |
| 8 | copies remain subject to this Order. |

**IT IS SO ORDERED**

DATED:   September 25, 2017

/ s / Alka Sagar
_____
Honorable Alka Sagar
United States Magistrate Judge

# EXHIBIT A

# AGREEMENT TO BE BOUND

I, _____, declare, under penalty of perjury that I have read in its entirety and understand the Special Protective Order that was issued by the United States District Court for the Central District of California on _____, 20__, in the case of *Ratha, etc., et al. v. Phatthana Seafood Co., Ltd., et al.*, Case No. 2: 16-cv-4271-JFW (ASx). I agree to comply with and to be bound by all the terms of the Special Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Special Protective Order to any person or entity except in strict compliance with this Special Protective Order, and I agree to the below provisions. Terms used in this Agreement have the same meanings given them in the Special Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

City and State where sworn and signed _____

Printed name: _____

Signature: _____

_____

Dated: September 22, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By     /s/ *Barbara E. Taylor*
        BARBARA E. TAYLOR

Attorneys for Defendants Phatthana Seafood Co., Ltd.; S.S. Frozen Food Co., Ltd.; Rubicon Resources, LLC; and Wales & Co. Universe Ltd.

Dated: September 22, 2017

COHEN MILSTEIN SELLERS TOLL PLLC


By     */s/ Agnieszka M. Fryszman*
        AGNIESZKA M. FRYSZMAN

Attorneys for Keo Ratha, Sem Kosal, Sophea Bun, Yem Ban, Nol Nakry, Phan Sophea, and Sok Sang

# SIGNATURE ATTESTATION

As the attorney e-filing this document, I hereby attest that counsel for Plaintiffs, Agnieszka Fryszman, has concurred in this filing.

Dated: September 22, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Barbara E. Taylor*
          BARBARA E. TAYLOR

Attorneys for Defendants Phatthana Seafood Co., Ltd.; S.S. Frozen Food Co., Ltd.; Rubicon Resources, LLC; and Wales & Co. Universe Ltd.